Approved: _Thomas John Wright_
THOMAS JOHN WRIGHT
Assistant United States Attorney

Before:  THE HONORABLE SARAH NETBURN          **23 MAG 4717**
United States Magistrate Judge
Southern District of New York

---

| UNITED STATES OF AMERICA | **SEALED COMPLAINT** |
|---|---|
| v. | Violations of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B); 18 U.S.C. § 2 |
| MARK HENDERSON, | |
| Defendant. | COUNTY OF OFFENSE: NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

LUKE BIASOTTI, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

### COUNT ONE
### (Possess with Intent To Distribute a Controlled Substance)

1. On or about June 9, 2023, in the Southern District of New York and elsewhere, MARK HENDERSON, the defendant, intentionally and knowingly possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

2. The controlled substance involved in the offense was 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B); Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I have served for approximately three years as a Special Agent with the Drug Enforcement Administration ("DEA"), and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, my conversations with other law-enforcement officers and other individuals, and my training in the identification of controlled substances and experience making arrests tied to the seizure of controlled substances. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents and the actions,

statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    4.    On or about June 9, 2023, I was conducting surveillance from an unmarked car on a silver 2007 Toyota Avalon four-door sedan bearing a certain North Carolina license plate number ("Car-1"). I followed Car-1 from in or about Queens County, New York onto the Verrazzano Narrows Bridge, which runs from Queens County, New York to Richmond County, New York and spans the waters of the Southern District of New York. After crossing the Verrazzano Narrows Bridge with Car-1, I continued to follow Car-1, with which I maintained constant contact, travelling by highway from the State of New York into the State of New Jersey.

    a.    On or about June 9, 2023 between approximately 3:05 and 3:10 PM, I activated the lights and sirens of my unmarked car and pulled over Car-1 on I-95 in the vicinity of Mercer County, New Jersey, having observed Car-1 commit multiple violations of the traffic regulations of the State of New Jersey, including driving at approximately 90 miles per hour, in excess of the speed limit of 65 miles per hour, and failing on multiple occasions to signal a move between lanes of the highway. After pulling over Car-1, I walked up to the window of the driver's door and saw that the driver of Car-1, whom I later identified was MARK HENDERSON, the defendant, was alone inside Car-1. After engaging in a conversation with HENDERSON, during which he stated, in substance and in part, that he was travelling from Queens County, New York to North Carolina and that he frequently drives between those two locations, I requested to see HENDERSON's driver's license and Car-1's registration. HENDERSON provided me with a driver's license and registration, which I brought back with me to my unmarked car for the purpose of searching for the driver's license and registration and information concerning HENDERSON and Car-1.

    b.    On or about June 9, 2023, within approximately six minutes of pulling over Car-1, I was continuing to search for information concerning HENDERSON and Car-1 inside my unmarked car when a Sergeant with the Robbinsville, New Jersey Police Department, a certified narcotics detection canine handler ("Sergeant-1") arrived at the scene. Sergeant-1 exposed Car-1 to his trained canine ("Dog-1") for exterior inspection and review. Dog-1 reacted to Car-1 by sitting and barking at Car-1. Sergeant-1 informed me that Dog-1's reaction to Car-1 indicated a positive alert for the presence of controlled substances.

    c.    I am informed by Sergeant-1 that Dog-1 is a Labrador Retriever, certified to detect the odors of multiple controlled substances, including cocaine. Dog-1 has participated in numerous law-enforcement operations, including searches of cars. Dog-1 is trained to alert after detecting the scent of controlled substances and has given positive indications of controlled substances in the field on numerous occasions in the past when subsequent investigation corroborated those indications.

    d.    After the positive alert from Dog-1, I participated in a search of Car-1, during which I saw that the rear of both the driver's seat and front passenger seat of Car-1 appeared to be modified in a manner consistent with the creation of a hidden compartment. Upon further examination of the rear of both seats, I found such a hidden compartment in each seat. Inside each compartment, I saw and later removed two plastic-shrink wrapped packages containing a white powder pressed into a brick shape, which I later placed on a scale and identified each weighed approximately one kilogram for a total of four kilograms.

    e. During my search of Car-1, I also found medication prescribed to HENDERSON and multiple cellphones that HENDERSON later stated belonged to him.

    f. Previously, on or about June 6, 2023, when conducting prior surveillance of Car-1 in or about Queens County, New York, I saw HENDERSON similarly driving alone in Car-1.

  5. Based on my training and experience in the identification of controlled substances and experience making arrests involving controlled substances, the appearance of the white powder, the packaging of the white powder, in four uniform, plastic-shrink wrapped bricks, each of which I placed on a scale and found weighed approximately one kilogram and each of which were seized from a concealed compartment inside Car-1, I believe that the white powder consists of 500 grams and more of mixtures and substances containing a detectable amount of cocaine.

  WHEREFORE, I respectfully request that MARK HENDERSON, the defendant, be imprisoned or bailed, as the case may be.

        /s authorized electronic signature
        _____
        LUKE BIASOTTI
        Special Agent
        Drug Enforcement Administration

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), on June 11, 2023

_____
THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York